**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

DWAYNE RICHARDSON                                                   PETITIONER
Reg # 05259-095

VS.                                     2:15-CV-00168-BRW-JTR

C V RIVERA, Warden,
FCI Forrest City                                                    RESPONDENT

## RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent

to United States District Judge Billy Roy Wilson. You may file written objections to

all or part of this Recommendation. If you do so, those objections must: (1)

specifically explain the factual and/or legal basis for your objection; and (2) be

received by the Clerk of this Court within fourteen (14) days of this

Recommendation. By not objecting, you may waive the right to appeal questions of

fact.

### I. Background

Pending before the Court is a 28 U.S.C. § 2241 Petition for a Writ of Habeas

Corpus filed by Petitioner, Dwayne Richardson ("Richardson").  Although it is far

from clear, it appears Richardson may be currently incarcerated in the Federal

Corrections Institution in Oakdale, Louisiana.[1]   *Doc. 2.*   Before addressing

Richardson's habeas claims, the Court will review the relevant procedural history of

the case, and the circumstances giving rise to his claims.

On March 28, 2003, Richardson was arrested by Louisiana state authorities

and charged with possession with intent to distribute cocaine and marijuana.   After

being convicted on the charges, Richardson was sentenced, on April 13, 2005, to six

years' imprisonment.   On September 23, 2006, he was paroled.   *State v. Richardson*,

Baton Rouge, Louisiana, 19th Judicial District Court, Case No. 6-03-0200

("**Richardson I**").[2]

On October 26, 2008, while on parole in **Richardson I**, he was stopped by the

police in Baton Rouge, Louisiana.   After officers asked to search his vehicle,

Richardson fled on foot with a duffel bag.   He was quickly apprehended and a later

search of the duffel bag revealed that it contained approximately 4 kilograms of

---

[1] When Richardson initiated this case, he provided an address at the Federal Corrections Institution in Forrest City, Arkansas.  Subsequently, mail from the Court directed to Richardson at that facility was returned as undeliverable. *See, e.g., Docs. 4, 8*.  Although it was not required to do so, the Court attempted to locate Richardson through the Federal Bureau of Prisons website ("BOP website").  *See* https://www.bop.gov.  The BOP website indicated (and continues to indicate) that Richardson is being housed in Oakdale, Louisiana. *See Doc. 9*.  However, Court mail directed to Richardson at the Oakdale, Louisiana address has also been returned as undeliverable. *See Doc. 10*.

Thus, it appears that Richardson has failed to comply with his duty "to promptly notify the Court and the other parties to the proceedings of any change in his" address.  Local Rule 5.5(c)(2) of the United States District Court for the Eastern and Western Districts of Arkansas.  This failure would provide an alternative basis for the dismissal, without prejudice, of Richardson's Petition.

[2] *Doc. 5-1* at p. 1;  p. 15, ¶ 48.

cocaine and $54,000.  Richardson was arrested and charged with possession of cocaine in excess of 400 grams.  *State v. Richardson*, Baton Rouge, Louisiana, 19th Judicial District Court, Case No. #12-08-660 ("**Richardson II**").[3]

On November 12, 2008, Richardson's parole was revoked in **Richardson I** based on the October 28, 2008 arrest.  Richardson was sentenced to a 3 year term in the Louisiana Department of Corrections.[4]

On April 15, 2009, Richardson was indicted on federal drug charges stemming from the October 25, 2008 traffic stop in Baton Rouge.  *See United States v. Richardson*, U.S. District Court for Middle District of Louisiana, Case No. 3:09-cr-00057 ("**Richardson III**").[5]

On May 8, 2009, the United States Marshals ("USMS") "borrowed" Richardson from the primary jurisdiction of the state of Louisiana, pursuant to a writ of habeas corpus *ad prosequendum*,[6] and transported him to the Middle District of

---

[3] *Doc. 5-1* at p. 2, ¶ 4.

[4] *Id*. at p. 2, ¶ 5; p. 15, ¶ 48*; Doc. 2* at p. 9.

[5] The Court has reviewed the electronic record in the federal case.

[6] The state of Louisiana exercised continuous primary jurisdiction over Richardson from October 28, 2008, through April 26, 2010, the date the Louisiana Department of Correction released him to federal custody, following his completion of the sentence associated with the revocation of his parole in **Richardson I**.  *Elwell v. Fis*her, 716 F.3d 477, 482 (8th Cir. 20013) ("When the United States obtained physical custody of [petitioner] based upon the writ of habeas corpus ad prosequendum, the transfer of physical control over [the petitioner's] custody from [state custody] to the United States did not terminate [the state's] primary jurisdiction."); *Richardson v. Outlaw*, 2011 WL 671997, at *1 n.5 (E.D. Ark. Feb. 17, 2011).

Louisiana, for his initial appearance in **Richardson III**.[7]  Thereafter, Richardson remained under the primary jurisdiction of the state of Louisiana, but in the *physical custody* of the USMS, where he remained until his federal sentencing in **Richardson III**. [8]

On November 5, 2009, the state charges in **Richardson II** were dismissed.[9]

On April 26, 2010, Richardson completed the state parole revocation sentence imposed in **Richardson I**, and the state of Louisiana relinquished primary jurisdiction over Richardson.  The next day, April 27, 2010, the United States of America assumed primary jurisdiction over Richardson.

On October 22, 2013, Richardson was sentenced, in **Richardson III**, to a term of 140 months in the BOP on each of the two counts of conspiracy to possess with intent to distribute cocaine.  The federal sentencing judge ordered the two 140 month sentences to run concurrently.[10]

---

[7]  *Doc. 5-1* at p. 2, ¶ 6.

[8]  *Doc. 5-1* at p. 2, ¶ 7.  When a state exercises primary jurisdiction over a prisoner who is later transferred to the custody of federal authorities, pursuant to a writ of habeas corpus *ad prosequendum*, the state prisoner is deemed to be temporarily "on loan" to federal authorities for purposes of his federal prosecution.  However, during the time he is "borrowed" from the state, the prisoner still remains under the state's primary jurisdiction.  *Elwell v. Fisher*, 716 F.3d 477, 482 (8th Cir. 2013); *United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005). Primary jurisdiction "continues until the first sovereign relinquishes its priority in some way." *Cole*, 416 F.3d at 897 (relinquishment generally occurs in one of four ways: release on bail; dismissal of charges; parole; or expiration of sentence).

[9]  *Doc. 5-1* at p. 2, ¶ 6.

[10]  *Id.* at pp. 2-3, ¶ 7.

In his § 2241 habeas Petition, Richardson argues that the BOP should have given him an additional 548 days of credit on his federal sentence for the time the state of Louisiana exercised primary jurisdiction over him, from October 26, 2008 through April 26, 2010.

For the reasons that follow, the Court finds that Richardson's arguments are without merit.

## II.  Discussion

The calculation of a federal term of imprisonment is governed by 18 U.S.C. § 3585, which defines when the federal sentence "commences," and then establishes when a defendant is entitled to credit for time "spent in official detention prior to the date the sentence commences[.]"

### A.     Commencement of Richardson's Federal Sentence

Under § 3585(a), a defendant's federal sentence "commences" when he "is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served." Importantly, service of a federal sentence generally commences "when the United States takes primary jurisdiction and a prisoner is presented to serve his federal sentence, not when the United States merely takes physical custody of a prisoner who is subject to another sovereign's primary jurisdiction." *Elwell v. Fisher*, 716 F.3d 477, 481 (8th Cir. 2013).

A federal sentence cannot commence prior to the date it is pronounced. See *Sisemore v. Outlaw*, 363 Fed. Appx. 424 at 1 (8th Cir.2010) (*citing Coloma v. Holder*, 445 F.3d 1282 (11th Cir. 2006)). This is true "even if made concurrent with a sentence already being served." *See Coloma v. Holder*, 445 F.3d at 1284 (district court's order that prison term should run concurrently with prison term already being served did not mean the two sentences had the same starting date; federal sentence cannot commence prior to date it is pronounced, even if made concurrent with sentence already being served).

Because Richardson was sentenced in **Richardson III** on October 22, 2013, his federal sentence could not have commenced before that date.  The only way any earlier time Richardson spent in state custody could be counted toward his federal sentence is if Richardson can establish that the state time qualifies as "prior custody credit."

## B.    The BOP's Calculation of Richardson's Prior Custody Credit

Section 3585(b) governs whether a prisoner is entitled to credit on his federal sentence for time spent in state custody *before* his federal sentence commences.  In pertinent part, § 3585(b) provides:

> (b) Credit for prior custody. — A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior the date the sentence commences —
>     (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed
>
> that has not been credited against another sentence.

In *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004), the Court made it clear that: (1) the §3585(b) determination of whether a prisoner should be given credit on his federal sentence for time served in state custody "is properly left to the Bureau of Prisons;" and (2) the BOP must make this determination only "after the defendant begins his sentence." *United States v. Pardue*, 363 F.3d at 699.

Shortly after he began serving his federal sentence, the BOP determined that Richardson was entitled to "prior custody credit" beginning on April 27, 2010, the day he completed serving his parole revocation sentence in **Richardson I** and the state of Louisiana relinquished its primary jurisdiction, and continuing through October 21, 2013, the day before his federal sentence commenced. The BOP also credited Richardson for two additional days, October 26 and 27, 2008, because it found that this period was not credited against his state sentence in **Richardson I**.[11]

While Richardson makes the conclusory argument that he should also receive credit on his federal sentence for the time he spent in state custody between October 28, 2008 and April 26, 2010, the undisputed record establishes that *all* of that time

---

[11] *Doc. 2* at p. 6. The BOP's determination is consistent with the computation and jail credit sheet from Louisiana, which shows that Richardson received credit on his state sentence in **Richardson I** for 15 days, from October 28, 2008 to November 12, 2008, the date his parole revocation sentence was imposed. *Doc. 5-1* at p. 38.

7

was credited against Richardson's state sentence.[12]  Thus, Richardson's argument is in direct conflict with the governing federal statute, which explicitly provides that a defendant can receive credit on a federal sentence *only* for time "that has *not* been credited against another sentence."  18 U.S.C. § 3585(b) (emphasis added).

Because it is undisputed that Richardson received credit on his state parole revocation sentence in **Richardson I** for the period from October 28, 2008 through April 26, 2010, the BOP did not abuse its discretion in denying Richardson's request for a *nunc pro tunc* designation that would have allowed that time period to also be credited on his federal sentence.  *See Fegans v. Norris*, 506 F.3d 1101, 1105 (2007) (the BOP's decision to deny a *nunc pro tunc* designation is reviewed for an "abuse of the agency's substantial discretion").

### III.    Conclusion

Accordingly, the Court concludes that Richardson's § 2241 habeas claim is without merit.

IT IS THEREFORE RECOMMENDED THAT Petitioner Dwayne Richardson's 28 U.S.C. § 2241 Petition for a Writ of Habeas Corpus, *Doc. 2*, be DENIED with prejudice.

---

[12]  *Doc. 2*, at p. 10.
The Declaration of Robert Jennings states that "all time from *October 26*, 2008, through April 26, 2010, has been credited to the service of [Richardson's] state parole revocation sentenced."  *Doc. 5-1*, at p. 5, ¶ 14.  This appears to be a typographical error in which October 26 should say *October 28*.

Dated this 22nd day of December, 2016.

_____
UNITED STATES MAGISTRATE JUDGE